1

2

3                       **UNITED STATES DISTRICT COURT**

4                             **DISTRICT OF NEVADA**

5

6   JOHNNY LEE JONES,                            Case No. 2:24-cv-01039-APG-NJK

7          Plaintiff(s),                                      **ORDER**

8   v.                                                  [Docket No. 1]

9   JOHN DOE #1, et al.,

10         Defendant(s).

11        Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to

12   28 U.S.C. § 1915 to proceed *in forma pauperis*.  Docket No. 1.

13   **I.      *In Forma Pauperis* Application**

14        Plaintiff filed an affidavit required by § 1915(a).  Docket No. 1.  Plaintiff has shown an

15   inability to prepay fees and costs or give security for them.   Accordingly, the application to

16   proceed *in forma pauperis* (Docket No. 1) will be granted pursuant to 28 U.S.C. § 1915(a).  The

17   Clerk's Office is further **INSTRUCTED** to file the complaint on the docket.

18   **II.     Screening the Complaint**

19        Upon granting an application to proceed *in forma pauperis*, courts additionally screen the

20   complaint pursuant to § 1915(e).  Federal courts are given the authority to dismiss a case if the

21   action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

22   or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

23   When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the

24   complaint with directions as to curing its deficiencies, unless it is clear from the face of the

25   complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70

26   F.3d 1103, 1106 (9th Cir. 1995).

27        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint

28   for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is

                                              1

1 essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723
2 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim
3 showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v.*
4 *Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations,
5 it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause
6 of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265,
7 286 (1986)). The court must accept as true all well-pled factual allegations contained in the
8 complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.
9 Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do
10 not suffice. *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from
11 conceivable to plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.
12 Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted
13 by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal
14 construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

15 　　In addition, the Court has a duty to ensure that it has subject matter jurisdiction over the
16 dispute before it.  Fed.R.Civ.P. 12(h)(3).  Federal courts have limited jurisdiction and possess only
17 that power authorized by the Constitution and statute.  *See Kokkonen v. Guardian Life Ins. Co. Of*
18 *Am.,* 511 U.S. 375, 377 (1994).  Plaintiff bears the burden of proving that the case is properly in
19 federal court.  *McCauley v. Ford Motor Co.,* 264 F.3d 952, 957 (9th Cir.2001) (citing *McNutt v.*
20 *General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)).

21 　　Plaintiff's complaint involves allegations that a worker at the Courtyard Homeless
22 Resource Center asked him to sit down, Docket No. 1-1 at 4, which led to Plaintiff seeking to file
23 a complaint and Plaintiff's removal from the premises by security, *id.* at 6-7.  Plaintiff indicates
24 that federal question subject matter exists because he brings claims under the First Amendment
25 and the Fourteenth Amendment, *id.* at 3-4, which the Court construes as claims brought pursuant
26 to 42 U.S.C. § 1983.

27 　　A threshold requirement for proceeding with any § 1983 claim is that the defendants acted
28 "under color of state law" with respect to the alleged deprivation of the plaintiff's constitutional

1    rights. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Although the complaint here indicates that the

2    Courtyard Homeless Resource Center provides resources regarding federal services like food

3    assistance, *see* Docket No. 1-1 at 7, the complaint does not allege that the Courtyard Homeless

4    Resource Center is a government entity or that the individual doe defendants were otherwise acting

5    under color of state law.[1]

6        Accordingly, the complaint fails to state a claim on which relief may be granted and fails

7    to establish subject matter jurisdiction.  Plaintiff is afforded an opportunity to file an amended

8    complaint if the deficiencies identified above can be corrected.

9    **III.   Conclusion**

10       Accordingly, **IT IS ORDERED** that:

11       1.   Plaintiff's application to proceed *in forma pauperis* (Docket No. 1) is **GRANTED**.

12            Plaintiff shall not be required to pay the filing fee.  Plaintiff is permitted to maintain

13            this action to conclusion without the necessity of prepayment of any additional fees or

14            costs or the giving of a security therefor.  This order granting leave to proceed *in forma*

15            *pauperis* shall not extend to the issuance and/or service of subpoenas at government

16            expense.

17       2.   The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket.

18       3.   Plaintiff's complaint is **DISMISSED** with leave to amend.  Plaintiff will have until

19            **January 10, 2025**, to file an amended complaint, if the noted deficiencies can be

20            corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the

21            Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the

22            amended complaint complete. This is because, as a general rule, an amended complaint

23            supersedes the original complaint.  Local Rule 15-1(a) requires that an amended

24            complaint be complete in itself without reference to any prior pleading.  Once a plaintiff

25            files an amended complaint, the original complaint no longer serves any function in the

26

27       [1] Because of this threshold deficiency that implicates the Court's jurisdiction, the
         undersigned will not herein otherwise screen the sufficiency of the allegations in the complaint to
28       state a claim.

3

case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. **Failure to file an amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: December 10, 2024

_____
Nancy J. Koppe
United States Magistrate Judge